UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSE L. CRUZ,                                                      **DECISION AND ORDER**
                                                                                 No. 03-CV-0596(VEB)

                        Petitioner,
     -vs-

JAMES BERBARRY, et al.,

                        Respondents.
_____

## INTRODUCTION

Jose L. Cruz ("Cruz") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Ontario County Court following a jury trial on charges of third degree criminal sale of a controlled substance and second degree menacing. The parties have consented to disposition of this matter by the undersigned pursuant to 28 U.S.C. § 636(c).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Cruz was arrested in July 2000, in connection with the shooting death of Victor Omar Rivera-Gomez ("Rivera-Gomez") on January 29, 2000. An Ontario County grand jury returned an indictment charging Cruz with one count of second degree murder with respect to Rivera-Gomez's death, one count of third degree criminal sale of a controlled substance for allegedly selling heroin to Jose Rivera (a/k/a "Chucho"), and one count of second degree menacing with respect to actions allegedly taken by Cruz which placed or attempted to place Chucho in reasonable fear of serious physical injury or death.

Cruz's jury trial commenced in Ontario County Court on February 20, 2001. Chucho

testified that in January 2000, Cruz gave him ten bundles of heroin to sell. (This occurred prior to the murder of Rivera-Gomez.) Chucho testified that he was a heroin addict and used eight to nine bags of heroin a day. Chuco sniffed four of the bundles given to him by Cruz and, based on his experience with using heroin, testified that the substance given to him by Cruz made him "high." Chucho also testified that there came a point in time after the murder where he began cooperating with the police and participated in a taped conversation with Cruz. The tape recording was received into evidence at trial, along with a transcript. Eduardo Alvarez-Castillo testified that in mid-January 2000, he witnessed Cruz give about ten bundles of heroin to Chucho.

Johanna Herrera ("Herrera") testified that Cruz came to her apartment on January 28, 2000, looking for Chucho, who allegedly owed him drug money. Cruz informed Herrera that Rivera-Gomez's hours were "counting" because he was a snitch. Herrera testified that Cruz asked her to sell heroin for him, in place of Rivera-Gomez, because Rivera-Gomez owed Cruz money. Arlene Gonzalez ("Gonzalez") also testified that Cruz came to Herrera's apartment on the night before Rivera-Gomez was killed and said that he was looking for Chucho. Cruz said that Gonzalez would "get hers too" if she was hiding Chucho. At that time, Chucho was hiding in a closet in fear because he owed Cruz money for the heroin that Cruz earlier had given Chucho to sell.

On February 28, 2001, the jury returned a verdict acquitting Cruz of second degree murder but convicting him of the remaining two charges in the indictment alleging criminal sale of a controlled substance and menacing. He was sentenced on May 25, 2001, to a term of six to eighteen years on the criminal sale conviction and a concurrent one-year term on the menacing

conviction.

The Appellate Division, Fourth Department, of New York State Supreme Court unanimously affirmed his conviction on direct appeal. The New York Court of Appeals denied leave to appeal.

Cruz subsequently filed a *pro se* motion to vacate the judgment of conviction pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10 alleging that (1) the trial court "lacked subject matter jurisdiction over the second count of the indictment of Criminal Sale of a Controlled Substance" because "the accusatory instrument" did "not contain non-hearsay allegations" since "no drugs [were] confiscated"; (2) he could not be found guilty of criminal sale of a controlled substance because no drugs were confiscated and no tests were performed on them; and (3) he was denied his right to due process and equal protection because he was "charged and indicted for Criminal Sale of a Controlled Substance . . . without the recovery of any drugs." *See* Respondent's Exhibit O. The motion court denied the application on the basis that "the claims asserted . . . were either previously determined on the merits upon the defendant's direct appeal from the judgment (*see*, CPL 440.10(2)(a); *People v. Su*, 213 AD2d 502), or could have been, but were not raised upon the direct appeal (*see*, CPL 440.10(2)(c))[.]" *See* Respondent's Exhibit P.

This timely habeas petition followed in which Cruz asserts verbatim the three grounds raised in support of his C.P.L. § 440.10 motion. *See* Attachment to Petition (Docket No. 1). He also alleges that an "[u]nqualified witness [*i.e.*, Chucho] testified as [an] expert[.]" *See* Petition at ¶22(a); Attachment to Petition (Docket No. 1). In his argument under the point heading "Was the State[']s Witness Unqualified" Cruz states that trial counsel was ineffective in failing to

object to the admission of the tape-recording of Chucho's conversation with him.

For the reasons set forth below, the petition is dismissed.

## DISCUSSION

**<u>Exhaustion</u>**

To satisfy the exhaustion requirement imposed by 28 U.S.C. § 2254(b) and (c), a petitioner "must have informed the state court of both the factual and the legal premises of the claim he asserts in federal court." *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*) (citing *Picard v. Connor*, 404 U.S. 270, 276-77 (1971)). Although the petitioner need not have explicitly described his claims as arising under the federal constitution, *id.* at 195, he must have relied on pertinent federal or state cases employing constitutional analysis, asserted the claim "in terms so particular as to call to mind a specific right protected by the Constitution," or alleged "a pattern of facts that is well within the mainstream of constitutional litigation," *id.* at 194.

Respondent states that petitioner's "direct appeal focused only on the assertion that Chucho was not competent to identity [*sic*] of the substance [*sic*] in question at petitioner's trial." Respondent's Memorandum of Law at 5 (Docket No. 7). Respondent asserts that Cruz "made no mention in his appeal of subject matter jurisdiction, inconsistent prosecution, denial of due process and equal protection, unqualified witness, or ineffective assistance of counsel." *Id.* Respondent argues that, as a result, Cruz has failed to exhaust his state court remedies with respect to these claims. However, respondent then goes on to observe that Cruz actually raised the claims involving the alleged lack of subject matter jurisdiction, inconsistent prosecution, and the denial of due process and equal protection based on the state's failure to introduce the drugs

at trial in his C.P.L. § 440.10 motion. Thus, contrary to respondent's contention, these three claims are exhausted.[1] The Court agrees with respondent that Cruz's claims of ineffective assistance of counsel and improper introduction of Chucho's "expert" testimony are unexhausted.

### 1. Ineffective assistance of counsel

As to the ineffective assistance of counsel claim premised on the failure to object to the introduction of the tape of Chucho's conversation with him, respondent is correct that this claim was not asserted in any state court proceeding by Cruz. This claim appears to have been raised for the first time on federal habeas review and therefore is unexhausted. For Cruz to return to state court to exhaust the claim, however, would be futile, for the reasons set forth in the following paragraphs.

The Court notes that Section 440.10(1)(h) of the New York Criminal Procedure Law ("C.P.L.") does provide a method by which individuals can collaterally attack their convictions even after they have used up their one direct appeal. Under C.P.L. § 440.10(2)(c), however, a New York court must deny a § 440.10 motion where the movant unjustifiably failed to raise the constitutional violation on direct appeal despite a sufficient record to have permitted such an appeal. *See* N.Y. Crim. Proc. Law § 440.10(2)(c); *see also Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 1997). Denial of a C.P.L. § 440.10 motion, pursuant to § 440.10(2)(c), will not always be appropriate in the ineffective assistance context, such as when the facts supporting the instance of ineffective assistance of counsel appeared outside the record. *Reyes*, 118 F.3d at 139

---

[1] However, as respondent also argues, they are procedurally defaulted due to the state court's dismissal of them based on a state procedural bar rule, as will be discussed more fully below.

(citing *People v. Harris*, 109 A.D.2d 351, 491 N.Y.S.2d 678, 687 (App. Div. 2d Dept. 1985) (holding that trial record was insufficient to require that an ineffective assistance of counsel claim relating to alleged faulty legal advice be brought on direct appeal), *appeal denied*, 66 N.Y.2d 919, 498 N.Y.S.2d 1034, 489 N.E.2d 779 (N.Y. 1985)).

Here, however, Cruz represents that the ineffective assistance is premised on trial counsel's alleged failure to object to the prosecutor's introduction of an audiotape of an incriminating conversation between him and the state's main witness. Thus, any error by trial counsel would be contained within the trial record. Moreover, Cruz had new counsel representing him on direct appeal. There is no justifiable reason, then, why Cruz could not have raised his ineffective assistance of counsel claim on direct review, especially since he had different counsel representing him. *See Reyes*, 118 F.3d at 139-140 (holding that petitioner's ineffective assistance of trial counsel claim–which was premised on counsel's failure to object to the reasonable doubt charge–did not fall within any of the exceptions noted by the New York courts and should be deemed exhausted because, if it were raised on a C.P.L. § 440.10 motion, the state court would deny it pursuant to C.P.L. § 440.10(2)(c)).  Because there is no reason to believe that the trial record was in any way insufficient to allow the Appellate Division to hear an ineffective assistance of counsel claim based on the failure to object to the introduction of certain evidence, any attempt by Cruz to seek state court review pursuant to C.P.L. § 440.10 would be futile. *See* N.Y. Crim. Proc. Law § 440.10(2)(c).

Thus, Cruz's claim of ineffective assistance, although in actuality unexhausted, must be deemed exhausted since it is procedurally defaulted. The Court therefore finds that, by defaulting on that claim in state court, Cruz has forfeited that claim on federal habeas review. *See Reyes*,

118 F.3d at 140 ("[A] claim is procedurally defaulted for the purposes of federal habeas review where 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'") (quoting *Coleman*, 501 U.S. at 735 n. 1). Cruz has not attempted to show cause for the default, or prejudice resulting therefrom; indeed, neither cause nor prejudice exist on the record before this Court. Furthermore, Cruz has not made a showing of actual innocence so as to justify the "fundamental miscarriage of justice" exception. Accordingly, Cruz's ineffective assistance claim is barred from habeas review. *See Reyes*, 118 F.3d at 140; *accord*, *e.g.*, *Redd v. Quinones*, No. 98 Civ. 2604 LBS, 1998 WL 702334, at *4 (S.D.N.Y. Oct. 7, 1998).

      **2.**     **Improper "Expert" Testimony by Prosecution Witness**

Turning to Cruz's claim that the state's main witness, Chucho, was not properly qualified to testify as an expert witness regarding the identity of the substance (heroin) given to him by Cruz, respondent also claims that this is unexhausted. According to respondent, Cruz "cited no constitutional issues" and "asserted no claims calling to mind a specific constitutional right[.]" *See* Respondent's Memorandum of Law at 5 (Docket No. 7).

Cruz's argument on direct appeal that Chucho was not qualified to testify was made in the context of his argument that the trial court should have set aside the verdict because the evidence was insufficient as a matter of law to sustain the conviction of criminal sale of a controlled substance in the third degree. In his habeas petition, Cruz asserts that Chucho was unqualified to testify that the substance that he received from Cruz was, in fact, heroin. Cruz notes that "only this witness was used to gain conviction against petitioner[.]" Petition at ¶22(A)

(Docket No. 1). Cruz does not explicitly assert that the evidence used to convict him was legally insufficient.

As an initial matter, the Court notes that the test for sufficiency of the evidence to support a conviction is the same under both New York and federal law. *Compare Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed.2d 560 (1979) (holding that, when evaluating a federal habeas petitioner's challenge to the sufficiency of the evidence the question for the court is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt") *with People v. Bleakley*, 69 N.Y.2d 490, 515 N.Y.S.2d 761, 763, 508 N.E.2d 672 (N.Y.1987) ("For a court to conclude . . . that a jury verdict is supported by sufficient evidence, the court must determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged.") and *Leha v. Yonkers General Hosp.*, 22 A.D.3d 809, 803 N.Y.S.2d 197 (App. Div. 2d Dept. 2005) (" To conclude as a matter of law that a jury verdict is not supported by sufficient evidence, there must be 'no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial[.]'") (quoting *Fellin v. Sahgal*, 296 A.D.2d 526, 745 N.Y.S.2d 565 (App. Div. 2d Dept. 2002)).

The issue, however, is whether Cruz actually is asserting an insufficiency-of-the-evidence claim on habeas review. The Court has carefully reviewed Cruz's pleadings, and it appears that he is basing his argument solely on Chucho's lack of qualifications to identify the

substance as heroin, simply arguing that Chucho was not competent to be qualified as an expert witness. Essentially, Cruz is asserting that the trial court erred in admitting testimony by a witness who was not competent to testify as an expert; on direct appeal, appellate counsel cited only New York case law for this proposition. Thus, I am inclined to agree with respondent that Cruz did not "fairly present" this claim in federal constitutional terms to the state court for exhaustion purposes. However, the claim must be deemed exhausted, but procedurally defaulted, because Cruz cannot return to state court to exhaust it. He has used the one direct appeal to which he is entitled, *see* N.Y. Court Rules § 500.10(a), and if he were to attempt to raise it in a collateral C.P.L. § 440.10 motion, the court would deny the claim since sufficient facts appeared on the record to have permitted the claim to have been raised on direct appeal. *See* N.Y. Crim. Proc. Law § 440.10(2)(c). Thus, the claim must be deemed exhausted but procedurally defaulted.

Even if the claim were exhausted, the Court would not find that it provides a basis for habeas relief.  When a habeas corpus petitioner alleges error as to the trial court's evidentiary rulings, the task of the federal court is to determine whether the petitioner was deprived of his right to a  fundamentally fair trial. *Rosario v. Kuhlman*, 839 F.2d 918, 924 (2d Cir. 1988). Even an erroneous evidentiary ruling by a state trial court will not entitle the petitioner to habeas corpus relief unless the error was of a federal constitutional dimension. *Id.*; *see also Smith v. Phillips*, 455 U.S. 209, 221, 102 S. Ct. 940, 71 L. Ed.2d 78 (1982) ("Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension.") (citations omitted). Here, it appears that the trial court was well within its discretion as a matter of state law in admitting Chucho's testimony. *See*, *e.g.*, *People v. Lynch*, 85 A.D.2d 126, 128-29, 447 N.Y.S.2d 549 (App. Div. 4th Dept. 1982) ("To sustain a

conviction for selling drugs, it is not essential that the substance be produced in court. Witnesses, through whose testimony the precise identification of the drug is sought, as in the instant case, are essentially expert witnesses. Such a witness may be qualified to speak from actual experience, from observation or from study and must be shown to be qualified as an expert on the particular subject concerning which he is called upon to testify. An expert who bases his opinion upon facts of which he has personal knowledge must first testify to these facts before expressing his opinion[.]") (internal citations omitted). Chucho testified that he was a heroin addict who consumed eight to nine bags of heroin every day for about one year, that he was familiar with the effects of heroin, and that he had used heroin of different strengths. Chucho said that Cruz had given him ten bundles of heroin and that, after sniffing four of them, he got high. New York intermediate appellate courts have sustained drug convictions based on the testimony of users of illegal drugs, like Chucho, who identified the substances at issue based on their experience in using or dealing in unlawful drugs. *People v. Christopher*, 161 A.D.2d 896, 557 N.Y.S.2d 461 (App. Div. 3d Dept. 1990) (holding that trial court correctly permitted a witness to identify a substance as heroin; witness, who testified that he had both injected and snorted heroin in the past, and he had taken other substances by injection and that the feeling produced by the substance in question was similar to that of heroin and was different from that of other substances, was competent to render an opinion regarding the identity of the substance.); *People v. Lynch*, 85 A.D.2d at 128-29.

Whether Chucho's "expert" testimony would have been sufficient to pass muster under the Federal Rules of Evidence does not necessarily require a contrary conclusion. *See* Fed. R. Evid. 702 (a witness may be "qualified as an expert by knowledge, skill, *experience*, training, or

education") (emphasis supplied). In *United States v. Atkins*, 473 F.2d 308, 313 (8th Cir. 1973), the appellant argued that it was error to allow two addicts to testify that the substance purchased from appellant was in fact heroin. In essence, the appellant in *Atkins* argued, as Cruz does here, that without this testimony the government failed to prove the substance was in fact heroin, since no heroin was introduced into evidence and no chemist testified with regard to the chemical make-up of the substance. The Eight Circuit observed that "[i]t is not inherently implausible that persons addicted to heroin, one with six years experience and the other given heroin specifically so as to be able to differentiate heroin from a similar appearing drug, might possess the necessary "experiential capacity" to testify that the substance in question, and which both had occasion to use, was in fact heroin."*Id.* at 313 (citing *Weaver v. United States*, 111 F.2d 603, 606 (8th Cir. 1940) (holding that it was competent for a witness to testify that substance purchased by him was morphine); *Ewing v. United States*, 386 F.2d 10, 15 (9th Cir. 1967), *cert. denied*, 390 U.S. 991, 88 S. Ct. 1192, 19 L. Ed.2d 1299 (1968) (upholding witness's conclusion that she had received marijuana where such was founded upon prior experience, rolling the cigarette herself, seeing what it looked like, and the fact that it made her "high"); *Pennacchio v. United States*, 263 F. 66 (2d Cir.) (upholding admission of a habitual opium user's testimony that the substance given to him, and which he used, was in fact opium), *cert. denied*, 253 U.S. 497, 40 S. Ct. 588, 64 L. Ed. 1031 (1920).

The Eighth Circuit, however, did not decide in *Atkins* whether the government's witnesses, who were heroin users, qualified as "experts," but rather sustained the conviction on a different basis. The Eighth Circuit noted that the Second Circuit had stated that "'[j]ust as with any other component of the crime [of violating federal drug laws], the existence of and dealing

with narcotics may be proved by circumstantial evidence; there need be no sample placed before the jury, nor need there be testimony by qualified chemists as long as the evidence furnished ground for inferring that the material in question was narcotics.'" *Id.* (quoting *Agueci v. United States*, 310 F.2d 817, 828 (2d Cir. 1962), *cert. denied*, 372 U. S. 959, 83 S. Ct. 1016, 10 L. Ed.2d 12 (1963) and citing *United States v. Nuccio*, 373 F.2d 168, 174 n. 4 (2d Cir. 1967), *cert. denied*, 387 U. S. 906, 87 S. Ct. 1688, 18 L. Ed.2d 623 (1968)). Relying on this precedent, the Eighth Circuit found that the testimony furnished a sufficient basis for inferring that the material in question was heroin: one witness testified that a very high price had been paid for the substance and that he sampled the substance and it gave him the same reaction he had experienced when he previously used heroin; the other witness also testified that she received no complaints about the substance she represented as being heroin when she sold it and that she became addicted to heroin by taking the substance given to her by the first witness, and a doctor told her she was addicted to heroin. The Eighth Circuit concluded that this "evidence has the tendency of proving the substance in question was in fact heroin." *Id.* (citing *Toliver v. United States*, 224 F.2d 742, 745 (9th Cir. 1995) ("We find in the record, ample evidence from which the jury could conclude that heroin was involved in the absence of the witness' own opinion. The exhorbitant [*sic*] price paid for the small amount of substance; the fact it was a powder; that Brown had been a user and had had previous transactions in narcotics with the appellant; that Brown bought the substance as heroin; that Brown sold the substance to his customers as heroin and that none of them 'kicked' or complained, supplied sufficient evidence for the jury to draw the inference that the powder was heroin."); *United States v. Morello*, 250 F.2d 631, 633-634 (2d Cir. 1957)).

As the foregoing discussion illustrates, the admission of Chucho's testimony was not

erroneous as a matter of state law, as New York courts have allowed individuals to be qualified as "experts" in drug prosecutions based on their personal use of the drug in question. Although the Court has not uncovered any federal cases in which a drug user was qualified as an expert witness under Rule 702, in the cases reviewed, the federal courts have sustained drug convictions based on the testimony of drug users where the evidence was such as to furnish ample ground for inference that the material in question was a narcotic. Consequently, even if the claim were properly exhausted, the Court would not find that the admission of Chucho's testimony amounted to an error of state law or an error of federal constitutional dimension sufficient to warrant habeas relief.

**<u>Procedural Default on Remaining Three Claims</u>**

Respondent argues that Cruz's remaining three claims (lack of subject matter jurisdiction based on the failure to confiscate drugs; inconsistent prosecution based on the failure to confiscate and test drugs; and denial of due process based on the failure to recover drugs) are procedurally defaulted because the trial court dismissed them on state procedural grounds, *i.e.*, C.P.L. § 440.10(2)(a) and (c), when Cruz raised them in support of his motion to vacate the judgment of conviction. The Supreme Court has made clear that the "adequate and independent state ground doctrine applies on federal habeas," such that "an adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Harris v. Reed*, 489 U.S. 255, 262, 109 S. Ct. 1038, 1043, 103 L. Ed.2d 308 (1989) (citations omitted); *accord, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 735, 111 S. Ct. 2546, 2557, 115 L.

Ed.2d 640 (1991); *Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997); *Glenn v. Bartlett*, 98 F.3d 721, 724 (2d Cir. 1996), *cert. denied*, 520 U.S. 1108, 117 S. Ct. 1116, 137 L. Ed.2d 317 (1997).

The cases hold that both C.P.L. § 440.10(2)(a) and C.P.L. § 440.10(2)(c)[2] can constitute "adequate and independent" state procedural grounds barring federal habeas review. *See*, *e.g.*, *Levine v. Commissioner of Correctional Servs.*, 44 F.3d 121, 126 (2d Cir. 1995) (holding that C.P.L. § 440.10(2)(c) is adequate and independent state ground); *Encarnacion v. Walker*, No. 96CV329FJSGLS, 1998 WL 34002608, at *4 (N.D.N.Y. Aug. 21, 1998) ("The state trial court's ruling rested on an adequate and independent state procedural rule, N.Y. Crim. Proc. Law § 440.10(2)(a) & (b), which provides that a court must deny a motion to vacate a judgment if the issue raised was previously determined on appeal from the judgment, or the judgment is appealable or pending on appeal and sufficient facts appear on the record to permit adequate review."); *D'Alessandro v. Fischer*, No. 01 Civ. 2551 LTS/DF, 2005 WL 3159674, at *19 (S.D.N.Y. Nov. 28, 2005) ("[T]he trial court's express reliance on CPL § 440.10(2)(a) indicates that the court rejected Petitioner's ineffective assistance claim on an independent and adequate state procedural ground, precluding federal habeas review.").

---

[2] New York's Criminal Procedure Law § 440.10 provides in relevant part that "2. Notwithstanding the provisions of subdivision one, the court must deny a motion to vacate a judgment when:

> (a) The ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment, unless since the time of such appellate determination there has been a retroactively effective change in the law controlling such issue; or
> . . .
> (c) Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him[.]"

N.Y. Crim. Proc. Law § 440.10(2)(a), (c).

There can be no question that the state court's unambiguous and explicit invocation of CPL § 440.10(2)(a) and § 440.10(2)(c) was "independent" inasmuch as it did not implicate or depend on any rule of federal law. *See*, *e.g.*, *Williams v. Goord*, 277 F. Supp.2d 309, 318 (S.D.N.Y. 2003) (holding that state court's decision denying C.P.L. § 440.10 motion was "independent" because its reliance on state law was "apparent from the face of the opinion"). In addition, the trial court "clearly and expressly state[d] that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. at 263 (quotation omitted).

The remaining question is therefore "whether the state ground relied upon is 'adequate' to preclude federal habeas review," *Garcia*, 188 F.3d at 77 ("The Supreme Court repeatedly has held that " 'the question of when and how defaults in compliance with state procedural rules can preclude . . . consideration of a federal question is itself a federal question.'") (quoting *Johnson v. Mississippi*, 486 U.S. 578, 587, 108 S. Ct. 1981, 100 L. Ed.2d 575 (1988) (quoting *Henry v. Mississippi*, 379 U.S. 443, 447, 85 S. Ct. 564, 13 L. Ed.2d 408 (1965)). A procedural bar is "adequate" if it is based on a rule that is " 'firmly established and regularly followed' by the state in question." *Id.* (quoting *Ford v. Georgia*, 498 U.S. 411, 423-24, 111 S. Ct. 850, 112 L. Ed.2d 935 (1991)). Whether application of the procedural rule is "firmly established and regularly followed" must be judged in the context of "the specific circumstances presented in the case, an inquiry that includes an evaluation of the asserted state interest in applying the procedural rule in such circumstances." *Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir. 2003) (citing *Lee v. Kemna*, 534 U.S. 362, 386-87 (2002)).

Here, it is clear that CPL § 440.10(2)(a) and C.P.L. § 440.10(2)(c) were "adequate" grounds for the state court's decision. First, the state court "actually relied" on the procedural bar

in denying Cruz's CPL § 440.10 motion. Second, a review of New York case law demonstrates that compliance was required, as New York State courts have held repeatedly that claims raised and determined on the merits on direct appeal, as well as claims that could have been raised on direct appeal but unjustifiably were not, may not subsequently be raised in a collateral proceeding under C.P.L. § 440.10. *See*, *e.g.*, *People v. Saunders*, 301 A .D.2d 869, 870, 753 N.Y.S.2d 620 (App. Div. 3d Dept. 2003); *People v. Marvin*, 258 A.D.2d 964, 965, 685 N.Y.S.2d 499 (App. Div. 4th Dept. 1999); *People v. Skinner*, 154 A.D.2d 216, 220-21, 552 N.Y.S.2d 932 (App. Div. 1st Dept. 1990); *People v. Cooks*, 67 N.Y.2d 100, 103-04, 491 N.E.2d 676, 500 N.Y.S.2d 503 (N.Y. 1986). Finally, there is no indication that Cruz "substantially complied" with the procedural requirements of C.P.L. § 440.10(2)(a) or § 440.10(2)(c) as it cannot be argued–nor does Cruz argue–that these were claims that had not been raised on direct appeal or that sufficient facts do not appear on the record to have permitted the claims to be raised on direct appeal. Indeed, the three claims all relate to the prosecution's failure to recover the drugs allegedly sold and to introduce them as evidence at trial. Thus, the Court concludes that the C.P.L. § 440.10(2)(a) and 440.10(2)(c) constituted adequate and independent state grounds. *See D'Alessandro v. Fischer*, 2005 WL 3159674, at *19 (adequacy of C.P.L. § 440.10(2)(a)); *Aparicio v. Artuz*, 269 F.3d 78, 93 (2d Cir. 2001) (adequacy of C.P.L. § 440.10(2)(c)).

  Because of the default on direct appeal and on collateral review, federal habeas review of these claims is barred unless Cruz can show either "cause" for the default and resultant "prejudice," or make a demonstration of "actual innocence." *See Dretke v. Haley*, 541 U.S. 386, 393, 124 S. Ct. 1847, 158 L. Ed.2d 659 (2004). Cruz has not attempted to make such a showing

of cause and prejudice, and neither is apparent on the record before. Furthermore, Cruz makes no showing of "actual innocence" to warrant the narrow fundamental-miscarriage-of-justice exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed.2d 808 (1995)). Accordingly, these claims are barred from habeas review.

## CONCLUSION

For the reasons stated above, Jose L. Cruz's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Cruz has failed to make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

**IT IS SO ORDERED**

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   October 16, 2006
             Buffalo, New York.